# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS LOVELL DEBOSE,<br><br>         Petitioner,<br>v.<br>RAYMOND MADDEN, Warden,<br><br>         Respondent. | Case No.: 20-CV-1132-MMA(WVG)<br><br>**ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION TO APPOINT COUNSEL**<br><br>**[Doc. No. 4.]** |

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever the court "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B) (West 2000); *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney*, 801 F.2d at 1196; *Knaubert*, 791 F.2d at 728-29.

1  In support of his request for appointment of counsel, Petitioner discusses a slew of
2 matters extraneous to the core consideration of appointment of counsel. A small portion of
3 the motion does mention the alleged inadequacy of the prison law library. However, the
4 Court is not satisfied that Petitioner cannot pursue the Petition even with the constraints he
5 describes. Petitioner's request for appointment of counsel is DENIED without prejudice.
6  **IT IS SO ORDERED.**
7 Dated:  July 29, 2020

_____
Hon. William V. Gallo
United States Magistrate Judge