UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS LOVELL DEBOSE,<br><br>                        Petitioner,<br><br>v.<br><br>RAYMOND MADDEN, Warden,<br><br>                        Respondent. | Case No. 20-cv-1132-MMA (WVG)<br><br>**ORDER OVERRULING PETITIONER'S OBJECTIONS; ADOPTING REPORT AND RECOMMENDATION; GRANTING RESPONDENT'S MOTION TO DISMISS; AND DENYING PETITIONER'S REQUEST FOR CERTIFICATE OF APPEALABILITY**<br><br>[Doc. Nos. 6, 10, 11] |

    Louis Lovell DeBose ("Petitioner"), a state prisoner proceeding *pro se*, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 to challenge a prison administrative rules violation hearing, which resulted in the loss of a 90-day time credit. *See* Doc. No. 1 at 1, 13.[1]  Respondent filed a motion to dismiss the Petition. *See* Doc. No. 6.  The Magistrate Judge has issued a detailed and well-reasoned Report and Recommendation

---

[1] All citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

("R&R"), recommending that the Court grant Respondent's motion and dismiss the Petition without leave to amend. *See* Doc. No. 10 at 11. Petitioner filed a timely objection to the R&R. *See* Doc. No. 11. Respondent has not filed a reply. Upon due consideration and for the reasons set forth below, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Magistrate Judge's R&R, **GRANTS** Respondent's motion to dismiss and **DISMISSES** the Petition without leave to amend, and **DENIES** Petitioner's request for a certificate of appealability.

## I. Background

In August 2017, Petitioner was issued a rules violation report ("RVR") for using cardboard to obstruct the view into his cell, thus delaying prison staff's ability to conduct the inmate count. *See* Doc. No. 1 at 1; Doc. No. 6-5 at 36 45, 53, 55. As a result, Petitioner was found guilty of "Delaying a Peace Officer in the performance of Duties" and sanctioned a good-time credit loss of ninety days. *See* Doc. No. 1 at 13; Doc. No. 6-5 at 36. Petitioner asserts that the RVR hearing violated his constitutional rights because he was denied a requested witness, the ability to present documentary evidence, and an impartial decisionmaker. *See* Doc. No. 1 at 3, 13.

The Magistrate Judge issued an R&R on Respondent's motion to dismiss, in which he recommends the Court grant Respondent's motion and dismiss the Petition without leave to amend. *See* Doc. No. 10 at 11. The Magistrate Judge found that the Court lacks federal habeas corpus jurisdiction because Petitioner's success "would not necessarily lead to Petitioner's immediate or speedier release," which renders his claim outside the core of habeas corpus. *See id.* at 3, 6. Although his Petition could be construed as a § 1983 action, the Magistrate Judge found that the Court should not construe the action because there are no allegations against the named Respondent, and it is unclear who Petitioner seeks to hold responsible for the denial of his rights. *See id.* at 6. Additionally, the Magistrate Judge found that such a § 1983 action should be filed in the Central District of California because the state actors mentioned in the Petition do not appear to reside in this district and the events of the underlying disciplinary action occurred in the

Central District.  *See id.* at 7.  Regardless of these issues, the Magistrate Judge further found that the Petition is facially untimely, cannot be saved by statutory tolling, is not entitled to equitable tolling, and does not demonstrate a miscarriage of justice.  *See id.* at 8–11.

Petitioner now objects to the Magistrate Judge's R&R.  *See* Doc. No. 11.

## II. LEGAL STANDARD

The duties of the district court in connection with a magistrate judge's report and recommendation are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1).  Where the parties object to a R&R, "[a] judge of the [district] court shall make a de novo determination of those portions of the [R&R] to which objection is made."  28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  A district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989) (quoting 28 U.S.C. § 636(b)); *Wilkins v. Ramirez*, 455 F. Supp. 2d 1080, 1088 (S.D. Cal. 2006).

## III. DISCUSSION

Petitioner objects to five components of the Magistrate Judge's R&R.  *See* Doc. No. 11.  The Court addresses each objection in turn.

First, Petitioner takes issue with the background section of the R&R because it "renders an erred and abridged version" and makes "a fair judgment impossible."  *See id.* at 2.  The Court finds that Petitioner's various objections to the background section are insufficient to show that the Magistrate Judge came to an incorrect conclusion regarding the substance of Respondent's motion to dismiss.  Indeed, the objection does not show how the Magistrate Judge was incorrect in finding that the Court lacks federal habeas corpus jurisdiction over this action or that the Petition is untimely.  Thus, the Court **OVERRULES** Petitioner's first objection.

Second, Petitioner argues that the legal standard used in the R&R is "misguided and erroneous." Doc. No. 11 at 4. Similar to the background section objection, Petitioner fails to demonstrate how the legal standard section rendered an erroneous recommendation regarding the Court's lack of jurisdiction over this action or the untimeliness of the Petition. Thus, the Court **OVERRULES** Petitioner's second objection.

Third, Petitioner asserts that the Magistrate Judge was incorrect in finding "federal habeas jurisdiction does not attack the legality of the duration of Petitioner's confinement and must be brought in a separate civil rights action." Doc. No. 11 at 7. Similar to the rationale in *Nettles v. Grounds*, success on the merits of Petitioner's claims "would not necessarily lead to immediate or speedier release because the expungement of the challenged disciplinary violation would not necessarily lead to a grant of parole." 830 F.3d 922, 934–35 (9th Cir. 2016) (en banc) (finding that the petition did not fall within the "core of habeas corpus" where it sought to expunge a RVR and the loss of "thirty days of postconviction credits" that resulted from the disciplinary hearing). The Magistrate Judge was correct. The disciplinary hearing *could* affect the Parole Board's future assessment on whether to grant parole, where the lost credits *could* affect the calculation of Petitioner's ultimate release date. However, the expungement of the disciplinary findings would not *necessarily* lead to an immediate or speedier release. As the Ninth Circuit in *Nettles* noted, "the presence of a disciplinary infraction does not compel the denial of parole, nor does an absence of an infraction compel the grant of parole." *Id.* at 935. The Parole Board may deny parole "on the basis of any of the grounds presently available to it." *Id.* (quoting *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003)). As the Magistrate Judge noted, Petitioner may never be found eligible for parole based on other grounds. Petitioner's claims remain speculative and too attenuated and, thus, fall outside of "the core of habeas corpus" because they would "would not necessarily lead to his immediate or earlier release from confinement and he must instead bring his claim under § 1983." *Id.* (quoting *Skinner v. Switzer*, 562 U.S.

521, 535 n.13 (2011)).  Thus, the Court **OVERRULES** Petitioner's third objection.[2] Because Petitioner's claim falls outside "the core of habeas corpus," this alone is sufficient to dismiss his claim.  However, the Court proceeds to discuss Petitioner's objections to the Magistrate Judge's timeliness findings.

Fourth, Petitioner contends that the Magistrate Judge erred in finding statutory tolling principles would make the Petition untimely.  *See* Doc. No. 11 at 11.  In particular, Petitioner argues "interval tolling" makes his Petition timely.  *See id.* (citing *Evans v. Chavis*, 546 U.S. 189, 193–94 (2006)).

---

[2] Petitioner does not challenge the Magistrate Judge's finding that the Petition should not be construed as a § 1983 action or that venue for such an action is improper in the Southern District of California. *See* Doc. No. 10 at 6–7.  Even if Petitioner did challenge this finding, the Court finds that the Magistrate Judge is correct.  The Petition lacks the requisite supporting information that would make it amendable to conversion.  *See Nettles*, 830 F.3d at 936; *see also* Doc. No. 10 at 6.

Additionally, venue in this district is improper under an action brought pursuant to § 2254 or § 1983.  "The proper venue for a § 2254 habeas petition is (a) the district where the petitioner is presently confined, or (b) the district where he was convicted."  *Braveboy v. James*, No. 2:20-cv-10609-JGB-KES, 2020 WL 7342756, at *2 (C.D. Cal. Dec. 14, 2020).  Proper venue for a § 1983 action lies in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  Recently, Petitioner was transferred to Salinas Valley State Prison, *see* Doc. No. 12, which is in Monetary County and sits in the Northern District of California.  Petitioner was convicted in Los Angeles Superior Court, which is in the Central District of California.  As the Magistrate Judge noted, "there is no indication that any State actors mentioned in the Petition reside in this District, and the entirety of events of the underlying disciplinary action transpired at Ironwood State Prison, which is located in Blythe, California within Riverside County and thus covered by the Central District of California."  Doc. No. 10 at 7.  Based on the facts before the Court, venue in the Southern District of California is improper.  Accordingly, improper venue alone is sufficient to dismiss the Petition.  *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."); *see also Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (citing 28 U.S.C. § 1631).  Given the other critical defects in the Petition—as noted in the Magistrate Judge's R&R and this Order—the Court finds dismissal appropriate and declines to transfer the action.

  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations period for a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1). This limitations period applies to § 2254 habeas petitions that challenge prison disciplinary decisions. *See Shelby v. Bartlett*, 391 F.3d 1061, 1063 (9th Cir. 2004). Under such challenges, the limitations period runs pursuant to § 2244(d)(1)(D). *See Mardesich v. Cate*, 668 F.3d 1164, 1172 (9th Cir. 2012); *Shelby*, 391 F.3d at 1066. Under § 2244(d)(1)(D), "[t]he limitation period shall run from the latest of . . . (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). "As a general rule, the state agency's denial of an administrative appeal is the 'factual predicate' for such habeas claims." *Mardesich*, 668 F.3d at 1172. The limitations period is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

  Here, the California Department of Corrections and Rehabilitation ("CDCR") issued its third level appeal decision regarding the RVR on February 15, 2018. *See* Doc. No. 6-5 at 57. Petitioner filed the initial state court petition in Riverside County Superior Court on January 23, 2019. *See* Doc. No. 6-5 at 70. Between the final CDCR appeal and the filing of the petition in Riverside County Superior Court, 342 days passed and left 23 days remining in the limitations period. The limitations period was subject to statutory tolling until the California Supreme Court denied his petition on March 11, 2020. *See* Doc. No. 6-11 at 2. Petitioner constructively filed the instant Petition on June 10, 2020, which was 91 days after the California Supreme Court's denial. *See* Doc. No. 1 at 12. Taking the two time periods when the statute of limitations was running, 433 days passed.[3] Therefore, after applying statutory tolling, the one-year statute of limitations

---

[3] Petitioner conceded in his opposition to the motion to dismiss that (1) "342 days of the one-year statute of limitations had expired" by the time he filed his first state court petition and (2) "he is not entitled to

period expired on or about April 3, 2020—68 days before Petitioner filed this action. Petitioner's objection is unavailing and misapplies tolling principles. The Magistrate Judge correctly tolled the time between the filing of his initial state court petition through the California Supreme Court's denial of the petition. *Compare* Doc. No. 10 at 8–9, *with Evans*, 546 U.S. at 193 (stating that the statute of limitations is tolled between the lower court reaching an adverse decision on a habeas petition and the petitioner timely filing a petition in the higher state court). Thus, the Court **OVERRULES** Petitioner's fourth objection.

Fifth, Petitioner argues that the Magistrate Judge erroneously found that there was no miscarriage of justice "that would bring the petition through the *Schlup* procedural gateway." Doc. No. 11 at 13. Petitioner argues that employee log entries "contradict[] any notion whatsoever that [the] view into the cell was completely obstructed by the cardboard" and do not show that there were repeated delays in the inmate counts. Doc. No. 11 at 14–15.

Despite being barred by the statute of limitations, a habeas petition can be heard on the merits if the petitioner demonstrates that a "a failure to entertain his claim would constitute a fundamental miscarriage of justice." *Larsen v. Soto*, 742 F.3d 1083, 1095 (9th Cir. 2013) (citing *Lee v. Lampert*, 653 F.3d 929, 937–38 (9th Cir. 2011)). The miscarriage of justice inquiry requires the petitioner to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). "To pass through the *Schlup* gateway, a 'petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Larsen*, 742 F.3d at 1095 (citing *Lee*, 653 F.3d at 938). This standard is "demanding" and typically involves "dramatic new evidence of innocence." *Id.*

---

tolling for the untolled 91-days between March 11, 2020 . . . [and] June 10, 2020." *See* Doc. No. 8 at 9–10.

      Here, Petitioner has not met this demanding standard and has not shown that it is more likely than not that no reasonable juror would have convicted Petitioner in light of new evidence.  Petitioner has not shown that the RVR hearing official's guilty finding probably resulted in the conviction of an actually innocent person.  During the RVR hearing, Petitioner provided a piece of paper with questions for Officer Castenada and Sargant Meadows and provided various documents to the hearing officer.  *See* Doc. No. 6-5 at 32, 34, 35.  During the hearing, Petitioner conceded that "I put the cardboard back in the window at the 0500 hours count to get [the officer's] attention because he kept bothering me and I wanted to talk to him."  Doc. No. 6-5 at 33, 36.  Petitioner argues his proffered new evidence will show that the view into his cell was not "*completely* obstructed by cardboard."  Doc. No. 11 at 14 (emphasis added).  Petitioner does not dispute at least a portion of his cell window was obstructed and loses sight of the core of the RVR: officers needed to address the obstruction, which delayed the inmate count.  *See* Doc. No. 6-5 at 28.  In sum, Petitioner has not met the demanding *Schlup* standard.  Thus, the Court **OVERRULES** Petitioner's fifth objection.[4]

## IV. CERTIFICATE OF APPEALABILITY

      In addition to his objections, Petitioner requests that the Court issue a certificate of appealability.  *See* Doc. No. 11 at 17.

      Under AEDPA, a state prisoner seeking to appeal a district court's denial of a habeas petition must obtain a certificate of appealability.  28 U.S.C. § 2253(c)(1)(A).  The district court may issue a certificate of appealability if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To satisfy this standard, a petitioner must show that "reasonable jurists would find the

---

[4] Petitioner also appears to argue that there was a miscarriage of justice because an officer "refused to retrieve and assess" exculpatory evidence and the hearing deprived him of due process.  Doc. No. 11 at 15, 16.  The Court finds Petitioner's argument unavailing because the proffered evidence does not meet the *Schlup* standard.

district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

A district court that issues an order denying a habeas petition must either grant or deny a certificate of appealability. *See* Rules Governing § 2254 Cases, Rule 11(a). The Ninth Circuit has noted that the standard for granting a certificate of appealability is "relatively low." *Jennings v. Woodford*, 290 F.3d 1006, 1010 (9th Cir. 2002). A petitioner "need not show that he should prevail on the merits," *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000), but may be entitled to a certificate when the "questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) (quoting *Gordon v. Willis*, 516 F. Supp. 911, 913 (N.D. Ga. 1980)), *superseded on other grounds by* 28 U.S.C. § 2253(c)(2). Here, Petitioner has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and reasonable jurists would not find debatable this Court's assessment of Petitioner's claims. *See Slack*, 529 U.S. at 484. Accordingly, the Court **DENIES** Petitioner's request for a certificate of appealability.

## V. Conclusion

For the foregoing reasons, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Magistrate Judge's R&R, **GRANTS** Respondent's motion to dismiss and **DISMISSES** the Petition without leave to amend, and **DENIES** Petitioner's request for a certificate of appealability. The Court **DIRECTS** the Clerk of Court to enter judgment accordingly and close the case.

**IT IS SO ORDERED**.

Dated: February 23, 2021

HON. MICHAEL M. ANELLO
United States District Judge